UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SALLY YOUNG, et al., <br><br> Plaintiff, <br><br> v. <br><br> BKD CLARE BRIDGE OF OLYMPIA, LLC, et al., <br><br> Defendant. | CASE NO. C25-5494 BHS <br><br> ORDER |

THIS MATTER is before the Court on defendant BKD Clare Bridge of Olympia LLC's motion to compel arbitration, Dkt. 11. Plaintiffs Sally Young and her son and conservator, Terry Young's complaint asserts that she was a resident at BKD's Brookdale Olympia West senior living facility, and that she fell and broke her hip as a result of a BKD employee's negligence.

BKD's motion asserts that Sally and Terry agreed that any tort claims arising from her residency at Brookdale would be subject to arbitration, governed by the procedures of the Federal Arbitration Act (FAA). If the parties cannot not agree on a single arbitrator, they agreed that they would each select one arbitrator, and the two would select the third:

ORDER - 1

1  The arbitration shall be conducted in accordance with the procedures set forth in the Federal Arbitration Act. If the parties are unable to agree on one arbitrator each party shall select one arbitrator, with a third arbitrator selected by the other two arbitrators. In reaching a decision, the arbitrator(s) shall prepare findings of fact and conclusions of law. Unless otherwise provided for by state or federal statute, each party shall bear its own costs and fees for the arbitration and shall split the arbitrator's fees equally.

Dkt. 11 at 2–4. BKD asserts that Young commenced an arbitration, but the parties could not agree on a single arbitrator. Thus, they each nominated one arbitrator who in turn were to select a third, "neutral" arbitrator. BKD asserts that the selected arbitrators could not do so, and that Young elected to sue instead. It argues that her suit was a breach of the contract and asks the Court to compel arbitration and appoint a third arbitrator.

Young does not dispute that her tort claims are subject to arbitration. Dkt. 14. She too asks the Court instead to appoint the neutral third arbitrator; indeed, the purpose of her lawsuit appears to be to have a court appoint the third arbitrator. Dkt. 14 at 5 (citing 9 U.S.C. § 5). She nominates Richard Lockner.

BKD asserts that Lockner is its counsel's law school classmate and friend, and that he is also a plaintiff's attorney. It suggests that these facts introduce the possibility that one of the parties will attack the arbitration panel's decision as unfair. Dkt. 16 at 3–4.

The motion to compel arbitration is unopposed and it is **GRANTED**. The Court appoints a professional neutral, former United States District Judge Ronald B. Leighton, as the third, neutral arbitrator. The case is **STAYED** pending arbitration.

**IT IS SO ORDERED**.

//

//

ORDER - 2

1  Dated this 21st day of August, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3